**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Aaniya Christine Coley, et al.,

Plaintiffs,

v.

Andreys Luis Arias, et al.,

Defendants.

No. CV-26-00469-TUC-JCH

**ORDER**

Before the Court is Plaintiffs Aaniya Christine Coley, Christine Andrea Unabia Lindsey, and Eric Marcellus Coley's Motion to Remand and Defer Rule 16 Scheduling (the "Motion"). (Doc. 114.) Defendants Tucson Unified School District and Clarina Rubio ("Removing Defendants") filed notice with the Court stating they do not oppose Plaintiff's Motion. (Doc. 16.) The Court will grant the Motion.

28 U.S.C. § 1446 provides the procedure for removing cases to federal court. Section 1446(b) generally requires that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant." And § 1446(b)(2)(A) provides the "rule of unanimity," which requires that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." *See Chicago Rock Island & Pacific Railway Co. v. Martin*, 178 U.S. 245, 248 (1900). Thus, all defendants properly served in the state court action must consent to removal within the 30-day removal period. Failure of the removing party to receive said consent makes removal improper and

requires the district court to remand the action to state court.

A party may file a motion to remand an action on the basis of any defect within 30 days of the filing of the notice of removal. 28 U.S.C. § 1447(c). Here, Removing Defendants removed this action from Pima County Superior Court on September 11, 2026. (Doc. 1.) Plaintiffs filed the instant Motion on October 9, 2026, within the 30-day period. (*See* Doc. 14.) In the Motion, Plaintiffs assert Removing Defendants failed to receive the consent of four defendants who had already been served: Andreys Luis Arias, Luis Alfredo Arias Sr., Irma Arias, and the Arizona Board of Regents. (*Id.*) Plaintiffs attach affidavits from each Plaintiff and non-consenting Defendant supporting this assertion. (*See generally* Doc. 14-1). Removing Defendants do not dispute that the other Defendants were served prior to removal and did not consent to the removal. (*See* Doc. 16.) Thus, the Court finds removal was procedurally improper and will remand the matter to state court.

Accordingly,

**IT IS ORDERED granting** Plaintiffs' Motion to Remand and Defer Rule 16 Scheduling (Doc. 14.)

**IT IS FURTHER ORDERED remanding** this action under 28 U.S.C. § 1447(c) to the Pima County Superior Court, Case No. C20266401.

**IT IS FURTHER ORDERED directing** the Clerk of the Court to mail a certified copy of this Order to the Clerk of the Pima County Superior Court, deny without prejudice and as moot all pending motions, and close this case.

Dated this 27th day of October, 2026.

John C. Hinderaker
United States District Judge